UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**AMERICAN HEALTHCARE CORP.,**
Plaintiff,                                                                                    **CIVIL NO. 05-1735 (DRD)**

v.

**BEIERSDORF, INC., et al.,**
Defendants

## O R D E R

On July 5, 2005 the herein defendants filed before this Court a *Notice of Removal* wherein they request the Court removes the instant civil action brought forth originally in the San Juan Superior Part of the Court of First Instance of the Commonwealth of Puerto Rico (Civil No. KAC 2004-2603(902)) pursuant to 28 U.S.C. §§ 1441(a), and (b), and 1446(a), (b), and (d). (Docket No. 1). Subsequently, on July 7, 2005, defendants filed their *Notice of Compliance with 28 U.S.C. § 1446(d)*. (Docket No. 2). Notwithstanding defendants' allegation that they were served with the April 26, 2005 summons "on June 23, 2005", there is nothing in the record that evidences the true date of when the service of process was performed in order for this Court to ascertain whether the jurisdictional thirty (30) day removal period has been properly complied. Accordingly, the Court hereby **ORDERS** defendants to **EVIDENCE ACTUAL DATE OF SERVICE OF PROCESS ON OR BEFORE, TUESDAY, JULY 12, 2005**. Failure to do so will result in this Court remanding the instant case to state court for defect in removal procedure. 28 U.S.C. § 1447(c).

Finally, the Court notes that the caption in the instant case is not the same as the caption pertaining to the action in state court. Particularly, the caption herein includes ABC Insurance as defendant, **defendant which is not even mentioned in the state complaint**. Defendants further assert that "[t]he citizenship of ABC Insurance Co., codefendant sued under a fictitious name, shall be disregarded (28 U.S.C. § 1441(a)). Furthermore, ABC Insurance Co. is joined in the caption but no substantive allegations are made against it in the body of the complaint." Tough defendants' contention regarding codefendants sued under a fictitious name is correct, § 1446(b) obligates that none of the parties in interest properly joined and served as defendants be a citizen of the State in which such action is brought for the action to be removable. Accordingly, the Court warns defendant Beiersdorf that, if it should choose not to amend the instant case's case caption to exclude codefendant with the fictitious name, it should be wary of future remand to state court if, once it's identity becomes know, absolute diversity is lost. Moreover, the Court warns plaintiff that, if Beiersdorf should choose to amend the above caption to exclude codefendant with fictitious name and plaintiff chooses to move for its addition in the instant case, it will be entirely in the Court's discretion whether to refuse the addition and keep the case or allow the addition and then remand the case for want fo federal jurisdiction.

**Date**:  July 8, 2004.

S/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
U.S. District Judge