IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**AMERICAN HEALTHCARE CORP.,**
Plaintiff,                                                          **CIVIL NO. 05-1735 (DRD)**

   v.

**BEIERSDORF, INC., et al.,**
Defendants

## OMNIBUS ORDER

Pending before the Court are Docket Nos. 3, 17, and 12.  The Court rules as follows:

| **Docket #** | **Date:** | **Ruling** | **Title** |
|---|---|---|---|
| 3 | 7/7/05 | MOOT | **Defendant's Motion for Summary Judgment Dismissing this Action; with Supporting Memorandum of Law** |

The Court **notes** that Beiersdorf filed an *Amended Motion for Summary Judgment* at Docket No. 11.  Consequently, the pending request for *brevis* disposition found at Docket No. 3 is rendered **MOOT**.

| **Docket #** | **Date:** | **Ruling** | **Title** |
|---|---|---|---|
| 17 | 11/7/05 | GRANTED | **Defendant's Motion to Strike Plaintiff's Docket #16** |

Beierdorf moves the Court to strike plaintiff's docket no. 16 which was entered as a "RESPONSE in Opposition to Motion for *Summary Judgment Dismissing this Action*".  Defendant argues that, as an opposition their motion for summary judgment, it not only fails to comply with Fed.R.Civ.P. 56(e) and Local Rule 56(c), (d), and (f), but is untimely under Local Rule 7.1(b) and consists merely "of a bunch of barely (if at all) intelligible allegations and nothing more."  Because the Court had previously denied plaintiff's **untimely** request for an extension of time to file an opposition to Beierdorf's motion for summary judgment, the Court **GRANTS** defendant's request to **strike** plaintiff's opposition found at Docket No. 16 and now deems as **unopposed** defendant's request for *brevis* disposition.

| | | | |
|---|---|---|---|
| **12** | **7/12/05** | **DENIED** | **Defendant's Motion to Partially Reconsider Order (Dkt. 5); Alternatively, in Compliance Therewith** |

After reviewing the *Unsworn Declaration Under Penalty of Perjury* of Gary Sharpe, Vice President and Controller of Beiersdorf, Inc., attesting to the fact that process was served on June 23, 2005, the Court is persuaded that the jurisdictional thirty (30) day removal period has been properly complied with. Thus, although **DENYING** defendant's request to reconsider, vacate and set aside the first paragraph of the July 8, 2005 order, the Court deems defendant has complied with this Court's *Order* found at Docket No. 5.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of March of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**