**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**AMERICAN HEALTHCARE CORP.,**
**Plaintiff,**

 **v.**                                                                                       **CIVIL NO. 05-1735 (DRD)**

**BEIERSDORF, INC.,**
**Defendant.**

**OPINION AND ORDER**

The above captioned case is a contractual claim based on Act 75, P.R. Laws Ann. tit. 10 § 278 *et seq.*, protecting local distributors form termination as set forth under the Act. The case was filed in local state court following bankruptcy proceedings initiated by plaintiff distributor. Pending before the Court is Beiersdorf, Inc.'s ("defendant") *Defendant's Amended Motion for Summary Judgment Dismissing this Action; With Supporting Memorandum of Law*. (Docket No. 11). Through said motion, defendant moves the Court to summarily dismiss American Healthcare Corp.'s ("plaintiff") causes of action against it due to the executory contract having been rejected during bankruptcy proceedings. Defendant's *brevis* disposition motion is unopposed on the record.

At the summary judgment stage, the trial court examines the entire record "in the light most flattering to the non-movant and indulges all reasonable inferences in that party's favor. Only if the record, viewed in the manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Company v. Hayes, 116 F.3d 957 at 959-60 (1st Cir. 1997). In other words, the court must construe the record and all reasonable inferences from it in favor of the non-movant (the party opposing the summary judgment motion). *See* Suarez v. Pueblo Int'l, Inc. 229 F.3d 49, 53 (1st Cir. 2000); Cortes-Irizarry, 111 F. 3d at 187; *see also* United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Moreover, "[i]f the adverse party does not [file an opposition], summary judgment, **if appropriate**, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). The First Circuit Court of Appeals has made clear that failure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against the party; therefore, a District Court is nonetheless "obliged to consider the motion on the merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991); *see also* Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. 1991) (holding that before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law). In the case of failure to oppose a motion for summary judgment, the consequence "is that the party may lose the right to file an opposition." Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 451-52 (1st Cir. 1991) (discussing unopposed motion for summary judgment). Notwithstanding, **a party that fails to oppose a motion for summary judgment, does so at its own risk and peril**. *See e.g.* Corrada Betances v. Sea-Land Services, Inc., 248 F.3d 40, 43 (1st Cir. 2001); Herbert v. Wicklund, 744 F.2d 218, 233 (1st Cir. 1994). However,

even though that there is no opposition on file to a summary judgement, the Court must entertain the motion on the merits and may not grant the same as a sanction to the party who fails to oppose. *See* De la Vega v. San Juan Star, 377 F. 3d 111(1st Cir. 2004).

Defendant alleges two potent reasons for *brevis* disposition to proceed. In sum, defendant first avers that the contract object of this case was rejected at the bankruptcy level by the debtor under Chapter 11 procedures. A rejection of this contract, in turn, means that the debtor has chosen not to comply with the contract and, by choosing not to comply with the contract, there is just cause under the law to terminate the contract by the principal. Defendant further argues that a rejected contract, such as the one at bar, is no longer part of the estate in bankruptcy. Upon emergence from bankruptcy, plaintiff becomes vested with only the assets which are part of the estate at the emergence from bankruptcy. Since the contract under Act 75 was not part of the estate, plaintiff is barred from claiming specific performance under said contract. The Court agrees with defendant's contentions and briefly explains.

When a debtor files for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C.), an estate in bankruptcy is created. 11 U.S.C. 541(a). This estate may include contracts, particularly executory contracts. For example, the debtor may be the lessee of a building under a lease which has not expired nor been terminated prior to the bankruptcy filing. Depending on the terms of such a lease, it may be a valuable asset for the estate in bankruptcy. Another example would be an Act 75 contract where the debtor is the distributor and possessor of a contractual economic rights created under said Act.

If the debtor wishes to continue with an executory contract because it is a valuable asset of the estate in bankruptcy, it may request leave from the Bankruptcy Court to assume the executory contract. 11 U.S.C. 365(a). If the contract is cumbersome (e.g., the rent in the lease is too high for debtor to remain competitive), the debtor may also request leave from the Bankruptcy Court to reject the executory contract. Id.

The debtor may assume or reject an executory contract in the Chapter 11 plan of reorganization or prior thereto. 11 U.S.C. 365(d)(2) and 1123(b)(2). The other party to the executory contract, for example, the landlord or the Act 75 principal, may request the Bankruptcy Court to order the debtor to assume or reject the lease or the Act 75 contract within a specified period of time, i.e., without waiting to see what debtor proposes to do with the executory contract in the Chapter 11 plan of reorganization. 11 U.S.C. 365(d)(2).

The rejection of an executory contract by a Chapter 11 debtor has certain consequences. For example, such a rejection is considered a breach of contract which entitles the other party to the contract to file an unsecured claim for contract termination damages. 11 U.S.C. 365(g)(1) and 502(g). Also, said rejection excludes the executory contract from being part of the property of the estate, since only upon its assumption does the executory contract become part of the property of the estate.

Although the debtor may, subject to Bankruptcy Court approval, pick and choose which executory contracts it will assume and which ones it will reject, within a given contract, the debtor cannot pick and choose particular clauses to assume or reject; the executory contract must be

entirely assumed or entirely rejected. Collier Bankruptcy Manual, 3d Ed. Rev., § 365.03[1] (2005). Therefore, the debtor, although having the option to accept or reject a contract, cannot "have its cake and eat it too."

Chapter 11 cases eventually wind up in confirmation of a Chapter 11 plan of reorganization; dismissal of the case; or conversion thereof to Chapter 7 ("straight") liquidation. 11 U.S.C. 1129, 1141 and 1112. Here, too, there are specific consequences to Chapter 11 plan confirmation (11 U.S.C. 1141) or dismissal (11 U.S.C. 349). The consequences of a conversion to Chapter 7 liquidation are familiar: a trustee is appointed to liquidate the estate and the proceeds of such liquidation are distributed among the creditors in the order of priorities provided in the Bankruptcy Code.

The specific question faced by the Court in this case is what occurs to an Act 75 executory contract which was rejected during the pendency of a Chapter 11 case which in turn was dismissed. The material facts are fairly straightforward. Plaintiff filed for Chapter 11 relief. Its Act 75 distributor contract with defendant was ordered rejected by the Bankruptcy Court. The Chapter 11 case was dismissed. Minutes of Bankruptcy Court proceedings, March 23, 2004, case no. 03-08006 (GAC), In Re American Healthcare Corporation; complaint, par. 20.

Less than a month later, on April 21, 2004, plaintiff sued defendant in the Commonwealth Superior Court, San Juan Part, docket no. KAC 04-2603 (902). Defendant removed the case hereto. No opposition has been made to the removal. Dkts. 5 and 12. The Court further considers the motion for summary judgment unopposed due to plaintiffs untimely filing of an opposition. Dkts. 14 through 18. Plaintiff alleged the existence of an Act 75 contract with defendant. Complaint, par. 15; Gemco Latin America, Inc. v. Seiko Time Corp., 623 F. Supp. 912, 918-919 (D.P.R. 1985). Plaintiff requested a judicial declaration "that the contract dated May 15, 1990, as amended, is valid and in effect"; that defendant be barred "from distributing its products by other means in the Territory of Puerto Rico and the Virgin Islands"; and that defendant be ordered to pay plaintiff damages that it would "prove in due course", which damages were estimated at $3 billion. Complaint, pars. 24 and 25.

However, the events that transpired during plaintiff's prior Chapter 11 case have direct repercussions on this action. First, the Act 75 contract between the parties, as rejected in bankruptcy, constitutes a total breach of the contract by the plaintiff. As stated above, a rejection of an executory contract is a breach thereof. Since executory contracts are either entirely rejected or entirely assumed, a rejection of an executory contract constitutes an entire breach thereof. Moreover, by statutory definition, P.R. Laws Ann. tit. 10 §§ 278(d), 278a, 278a-1, an entire breach of contract by the distributor constitutes just cause for its termination by the principal. Apart from Act 75, under the Civil Code of Puerto Rico, a party who has entirely breached a bilateral contract will not be heard to complain about the other party's breach of that same contract. Martínez v. Colón Franco & Concepción, 125 D.P.R. 15, 32-33 (1989).

Second, when the Act 75 contract was not assumed in bankruptcy--to the contrary, it was ordered rejected--it did not become part of the estate in bankruptcy. Plaintiff, therefore, emerged from bankruptcy via dismissal of its Chapter 11 case, became vested with the property of the estate. But by then the Act 75 contract, as an executory contract rejected in bankruptcy, **was not included**

**in the property of the estate which revested in plaintiff**. 11 U.S.C. 349(b)(3). Cf. 11 U.S.C. 365(c)(3). Or, at best, plaintiff was revested with a contract entirely breached by itself "immediately before the commencement of the [Chapter 11] case"; entirely breached by itself "immediately before the date of the filing of the [Chapter 11] petition," 11 U.S.C. 349(b)(3), 365(g)(1).

Be it because plaintiff is no longer the "owner" of the Act 75 contract; or because plaintiff has entirely breached said contract; plaintiff is not entitled to prosecute this action against defendant; thus, it is hereby **DISMISSED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of March of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
